UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-60292

NATACHA HECHEVARRIA,

    Plaintiff,

vs.

ASTRID I LLC,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Natacha Hevhevarria, sues Defendant, Astrid I LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff,** Natacha Hevhevarria, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Astrid I LLC,** is a *sui juris* Florida for-profit limited liability corporation that was authorized to conduct and actually conducted its hospitality business in Broward County, Florida, at all times material, where it maintains its principal place of business.

6.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant, maintained its principal place of business in this

District, because Plaintiff worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Liability*

8. Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

10. Defendant has been at all times material engaged in interstate commerce in the course of its provision of its provision of laundry, housekeeping, maintenance, cleaning and other services to hotels, time shares, condominiums and other industries which, traditionally, cannot be performed without machinery, cleaning products, materials and supplies that moved through interstate commerce, in conjunction with and under contract for businesses that also engaged in interstate commerce.

11. Defendant also engaged in interstate commerce in the course of its submission of billings and receipt of payment involving one or more out-of-state payors.

12. Furthermore, Defendant obtained, solicited, exchanged and sent funds to and from outside of the State of Florida, regularly received materials and supplies arriving from outside of the State of Florida, regularly and recurrently used telephonic transmissions going outside of the State of Florida to conduct business, and sent regular and recurrent transmission

electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

13. In addition, Defendant provided its provision of laundry, housekeeping, maintenance, cleaning and other hotel amenities and services to guests from inside and outside of the State of Florida.

14. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

15. Defendant hired Plaintiff to work for them as a housekeeper for its Hollywood Beach Hotels resort – in particular to work cleaning rooms in building 12.

16. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant, as she provided a critical role in providing integral services to the building 12 of the Hollywood Beach Towers hotel, enabling the hotel to host guests from both inside and outside of Florida and international guests from around the world.

17. Plaintiff worked for Defendant from approximately August 22, 2019 to January 27, 2020.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records would be in the exclusive custody of Defendant.

19. Defendant paid Plaintiff an hourly rate of $12.00 per hour during her employment.

20. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendant.

21. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times her regular hourly rate(s) of pay for all of the hours that she worked over 40 hours in a given workweek.

22. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

23. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay she earned.

24. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours she worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Natacha Hechevarria, demands the entry of a judgment in his favor and against Defendant, Astrid I LLC, after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Natacha Hevhevarria, demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of February 2020.

>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>7300 North Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:   305.230.4884
>*Counsel for Plaintiff*